NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-569

STATE OF LOUISIANA

VERSUS

JOHN WESLEY PERRY, JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 288,319
HONORABLE PATRICIA E. KOCH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and James T. Genovese, Judges.

**AFFIRMED.**

**James C. Downs**
**District Attorney**
**Thomas R. Willson**
**Assistant District Attorney**
**Ninth Judicial District**
**701 Murray Street**
**Alexandria, LA 71301**
**(318) 473-6650**
**COUNSEL FOR APPELLANT:**
       **State of Louisiana**

**Darrell K. Hickman**
**P. O. Box 48**
**Alexandria, LA 71309-0048**
**(318) 448-6353**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **John Wesley Perry, Jr.**

**PETERS, J.**

This appeal is one of four[1] now before us involving the same defendant and the same issue. In this appeal, the State of Louisiana (state) seeks reversal of the trial court's grant of a motion to quash the bill of information filed against the defendant, John Wesley Perry, Jr., thereby dismissing two charges, one of possession of marijuana, a violation of La.R.S. 40:966, and the other of resisting an officer, a violation of La.R.S. 14:108. Both counts are misdemeanors. La.R.S. 14:2(4) and (6). For the following reasons, we affirm the grant of the motion to quash the bill of information.

The basic facts surrounding these criminal charges are not in dispute. The defendant was arrested and charged with possession of marijuana and resisting an officer. The date of the offense was June 13, 2006, and he posted two separate bonds ($5,000.00 for the possession charge, and $250.00 for the resisting charge) on June 16, 2006, to secure his release. Although prepared on what appears to be standard appearance bond forms, the copies of the bonds in the record reflects that the defendant appears as both the principal and surety and he listed his address as 2323 Olive Street in Alexandria, Louisiana, in both documents. While neither bond document designates a court-appearance date to answer for the charges, they do both provide that the "named principal will appear at all stages of the proceedings in the Ninth Judicial District Court to answer that charge or any related charge, and will at all times hold himself amenable to the orders and

---

[1] There were actually five cases before the trial court when it rendered judgment in all five granting the defendant's motion to quash. These bore Ninth Judicial District Court Docket Numbers 284,807; 286,892; 286,893; 288,318; and 288,319. The issues involving Docket Number 288,318 are before us in this appeal raised in Docket Number 13-566, while Docket Number 13-566 of this court addresses the issues raised in Docket Number 284,807; Docket Number 13-567 of this court addresses the issues raised in Docket Number 286,893; and Docket Number 13-568 of this court addresses the issues raised in Docket Number 288,319. The state did not appeal the judgment in Docket Number 286,892.

process of the Court[.]" At the bottom of the forms appears an attestation clause signed by the defendant without any further certification. Each attestation clause contains a signature line for the approval of the Sheriff and/or Judge, but these lines on both documents are blank.

In a July 16, 2007 bill of information, the state charged the defendant with having committed both the offense of possession of marijuana and resisting an officer. The record contains a copy of a document entitled, "**NOTICE OF ARRAIGNMENT**[,]" dated September 17, 2007, purporting to notify the defendant of his October 5, 2007 arraignment date for the charges. The copy bears a heading reflecting that it was generated by the Rapides Parish Sheriff's Office; it contains an stamped signature of "M. Fisher" at the bottom of the page and identifies Fisher as a "Deputy"; it lists the defendant's address as 2236 B West Sycamore Street, Alexandria, Louisiana; and includes the instruction to the defendant that "**FAILURE TO APPEAR SHALL RESULT IN BOND FORFEITURE AND AN ARREST WARRANT FOR YOUR IMMEDIATE ARREST AND FOR CONTEMPT OF COURT.**"

The defendant did not appear for his arraignment on October 5, 2007, and the trial court issued a bench warrant and bond forfeiture on both counts for his failure to appear. On that same day, the trial court executed two separate written bond forfeiture judgments. In the judgments, the defendant's address is listed as the Olive Street address, as recorded on the appearance-bond document. The trial court record also contains two separate certificates from the Rapides Parish Clerk of Court, each of which assert that on November 29, 2007, that office forwarded written notice of the bench warrant and bond forfeiture judgments, rendered on October 5, 2007, to the defendant at the Olive Street address. However, neither

2

certificate asserts that the defendant was provided with a copy of the judgment itself.

Some years later, the defendant was arrested on the bench warrants.[2] He entered not guilty pleas to both charges now before the court at his August 10, 2012 arraignment, and he filed his motion to quash the bill of information on October 8, 2012. The trial court heard the motion on November 27, 2012.[3]

As previously stated, while not consolidated, this matter involves the same issue, the same evidence, the same assignments of error, and the same arguments as the other three appeals pending before us. We have already set forth the analysis of the evidence presented at the November 27, 2012 hearing, as well as the trial court's reasons for granting the motion to quash in all five cases then pending before it. Rather than repeat ourselves, for the purpose of this analysis we adopt by reference that which is set forth in *State v. Perry*, 13-566 (La.App. 3 Cir. ___/___/13), ___ So.3d ___, as though set forth herein. In doing so, we reach the same conclusion as we did in that appeal.

As in the other cases involving this defendant, the only question before us is whether the state carried its burden of establishing an interruption of the period of limitation provided in La.Code Crim.P. art. 578, by showing that the defendant failed to appear at the arraignment proceeding "pursuant to actual notice, proof of which appears of record." La.Code Crim.P. art. 579(A)(3). We find that the state fell short of its burden of proof in this regard.

---

[2] Although the defendant's brief in support of the motion to quash asserts that he was taken into to custody on the outstanding bench warrant on July 31, 2012, after having been arrested for another unrelated offense, the trial record contains no evidence of how and when the defendant returned to the custody of the state for the two simple battery charges.

[3] The motion to quash was filed in all of the cases before us at this time, and, because the issue was the same in all of the cases, the trial court considered the individual motions in a single hearing.

In argument to the trial court, at the hearing on the motion to quash the bill of information, the state relied partially on "the minutes – the notice to Mr. Perry that was sent to 2323 Olive street, the – also the bond information which does have that as his address." The minutes simply state that:

> No appearance was made by accused or by attorney. State represented by C MAXWELL. Testimony given by Dep. Otis Laborde. State offered notice and bond. Bench warrant and bond forfeiture. Bond set at 10,250.00. Contempt bond set at 25,000.00. No R O R. Commercial or cash bond only.

Additionally, the one arraignment notice filed in the trial record contains a different address from the appearance bond, does not contain an authentic signature, and the record contains nothing establishing that even this inaccurately addressed document was actually mailed.

Because the state has failed to establish that notice, mailed or otherwise, was served on the defendant, we find that the trial court properly granted the motion to quash the bill of information charging the defendant with possession of marijuana and resisting an officer.

## DISPOSITION

For the foregoing reasons, we affirm the trial court judgment granting the motion to quash filed by the defendant, John Wesley Perry, Jr., and dismissing the bill of information charging him with one count of possession of marijuana and one count of resisting an officer.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

4